City of St. Joseph v. Vesper.

---

CITY OF ST. JOSEPH, Appellant, v. JOSEPH VESPER, Respondent.

Kansas City Court of Appeals, November 19, 1894.

Municipal Corporations: ORDINANCE: STATE LAW. An ordinance in relation to nuisance prescribing a fine of not less than $5 nor more than $100 for its violation, is not in conflict with the law of the state which prescribes as a penalty any sum not exceeding $1,000, *following Kansas City v. Hallet, ante, 160.*

*Appeal from the Buchanan Criminal Court.*—HON. SILAS WOODSON, Judge.

REVERSED AND REMANDED.

*Huston & Parrish* for appellant.

The sole question in this case is whether the ordinance is void as being repugnant to the general state law. The city has power to declare what shall constitute nuisances, and to prevent, abate and remove nuisances within the city and one mile outside. R. S. 1889, subdiv. 10, sec. 1255, p. 364. To enforce ordinances by fines to be collected by suit. R. S. 1889, subdiv. 37, sec. 1255, p. 368; *City of St. Louis v. Vert,* 84 Mo. 206; R. S. 1879, secs. 1274, 1275, p. 224; *St. Louis v. Benty,* 11 Mo. 61; *St. Louis v. Caffreta,* 24 Mo. 94; R. S. 1855, sec. 36, p. 631; *St. Louis v. Schoenbusch,* 95 Mo. 620; R. S. 1879, secs. 1375 and 1377.

City of St. Joseph v. Vesper.

No brief for respondent.

SMITH, P. J.—This was a prosecution set on foot by the plaintiff city to recover of the defendant a penalty for the violation of section 6, chapter 48, Revised Ordinances, in relation to nuisances. It provides that any person violating any of its provisions shall, on conviction, pay a fine of not less than $5 nor more than $100.

The case was carried by appeal to the criminal court, where the defendant filed a motion to quash the information, which information it is not disputed was not sufficient under the ordinance of the city, upon the ground that said ordinance is in conflict with the laws of the state, in that it prescribes a minimum penalty of $5, and the state law concerning the same offense prescribes as a penalty any sum not exceeding $1,000. The criminal court sustained this motion, and gave judgment accordingly, to reverse which the plaintiff appeals. The action of the criminal court just stated was clearly erroneous. In the case of *Kansas City v. Hallett*, decided at the present term, it will be found that the question raised by the defendant's motion to quash the information has been very fully considered. The opinion, which was written by Mr. Justice GILL, contains an exhaustive review of the cases applicable within and without this state. Nothing is left to be added. We can discover no reason why the conclusion there reached should not apply to and determine this case.

Accordingly, we must hold that the action of the criminal court of which plaintiff complains, was wrong, and that its judgment must be reversed, and cause remanded. All concur.